# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| David Fields <br><br> Plaintiff, <br><br> v. <br><br> Collecto, Inc., <br> d/b/a EOS CCA, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Fox Lake, WI at all times relevant to this action.

2. Defendant is a Massachusetts Corporation that maintained its principal place of business in Norwell, MA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Verizon, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Prior to January 2013, Plaintiff retained an attorney to file bankruptcy.

14. On or around January 31, 2013, Defendant mailed Plaintiff a letter in connection with the collection of the debt.

15. In response to the above letter, Plaintiff telephoned Defendant on or around February 4, 2013.

16. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney with respect to the debt and provided Plaintiff's attorney's contact information and requested that all further communications cease.

17. Despite the above notice, Defendant telephoned Plaintiff's mother ("Teresa") in connection with the collection of the debt on or around February 19, 2013.

18. During this communication, Defendant disclosed to Teresa that Plaintiff owed the debt and that Defendant was a debt collector calling in connection with the collection of the debt.

19. At the time of the above communication, Defendant not only had Plaintiff's contact information as evidenced by the letter sent to Plaintiff and the return phone call received, but

Case 2:13-cv-00451-LA   Filed 04/24/13   Page 2 of 4   Document 1
2

also had received Plaintiff's attorney's contact information and a request to cease communications with Plaintiff.

20. Despite the above notices, Defendant again telephoned Teresa in connection with the collection of the debt on or around April 22, 2013.

21. During this communication, Defendant disclosed to Teresa that Plaintiff owed the debt and that Defendant was a debt collector calling in connection with the collection of the debt.

22. Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

25. In support hereof, Plaintiff incorporates paragraphs 13-21 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

27. In support hereof, Plaintiff incorporates paragraphs 13-21 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692b by communicating with a third party in connection with the collection of the debt for purposes other than obtaining location information for Plaintiff.

29. In support hereof, Plaintiff incorporates paragraphs 13-21 as if specifically stated herein.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: /s/ Nicholas J. Prola
   Nicholas J. Prola
   233 S. Wacker Dr., Suite 5150
   Chicago, IL 60606
   Telephone: 866-339-1156
   Fax: 312-822-1064
   Email: nprola@maceybankruptcylaw.com
   Attorneys for Plaintiff